# Rhoads, Appellant, *v.* Quemahoning Coal Company.

*Mines and mining—Trespass—Mining and converting coal— Treble damages—Construction—Penal statute—Invalid agreement —Good faith—Act of May 8, 1876, P. L. 142.*

1. The Act of May 8, 1876, P. L. 142, providing "that if any person or corporation shall mine or dig out any coal......knowing the same to be upon the land of another person.......without the consent of the owner......the person or corporation so offending shall be guilty of a misdemeanor....and shall be further liable to pay such owner......in case of the conversion of the same to the use of such offender or offenders treble the value thereof," is highly penal both in its criminal and civil aspects and must be strictly construed.

2. Where in an action of trespass to recover damages for coal mined and removed from the plaintiff's premises, it appears that the defendant mined and removed the coal by authority of its

supposed ownership acquired under the assignment of an agreement and the defendant believed when it took the assignment that it was a valid option and conferred the right to enter and take the coal, the Act of May 8, 1876, P. L. 142, has no application and the defendant is not liable for punitive damages imposed by the statute.

3. In such a case the fact that the agreement upon which the defendant relied was subsequently declared invalid does not convict it of a knowledge of the invalidity prior to the judgment.

Argued October 17, 1912. Appeal, No. 210, Oct. T., 1912, by plaintiff, from judgment of C. P. Somerset Co., Sept. T., 1910, No. 12, discharging motion to treble damages in case of Alexander Rhoads v. Quemahoning Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover treble damages for coal mined, removed and converted by the defendant. Before INGHRAM, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The defendant submitted, among other points, the following:

"(3rd) If the court is of the opinion that there can be any recovery of damages in this case for coal taken and converted, such recovery must be limited to single damages for the reason that the entering and mining were done under said agreement of plaintiff.

"Answer: Affirmed. (7)"

The jury found a verdict for the plaintiff in the sum of $1,507.92. The plaintiff subsequently moved to treble the verdict, which motion was dismissed.

*Error assigned,* among others, was (7) in answer to defendant's third point above.

*J. A. Berkey,* with him *C. L. Shaver,* for appellant.— A mistake in the construction of the legal effect of the agreement cannot relieve the defendant from the penalty

of the Act of May 8, 1876; Robb v. New York & Cleveland Gas Coal Company, 216 Pa. 418.

*Francis J. Kooser,* with him *Ernest O. Kooser, E. E. Kiernan* and *Charles F. Uhl, Jr.,* for appellee.—The defendant acted in good faith under a bona fide claim and belief of right at the time and this constitutes a complete defense to an action for treble damages under the Act of 1876: Hendler v. Lehigh Valley Railroad Company, 209 Pa. 256; Naomi Coal Company v. Moore, 36 Pa. C. C. R. 321.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

This is an action of trespass brought under the Act of May 8, 1876, P. L. 142, to recover treble damages for coal mined and removed from plaintiff's premises by the defendant company and converted to its use. It is conceded that the title to the coal was in the plaintiff at the time of the trespass, and that he is entitled to recover single damages for the amount taken by the company, but it is denied that the company is liable for punitive damages imposed by the statute. The trial court ruled with the defendant, and from the judgment entered for single damages the plaintiff has taken this appeal.

The several assignments raise but a single question. The defendant alleges that it removed and converted the coal to its use under a bona fide claim of ownership and that it entered the plaintiff's premises with the belief that it had the right to mine and remove the coal. In support of its defense and as authority for taking the coal the company put in evidence an "Article of Agreement" dated December 8, 1906, between plaintiff of the first part and C. O. Kooser of the second part, and executed by the plaintiff under his hand and seal. The first part of the agreement purports to sell to Kooser the coal in question with the right to remove it all. In a subsequent part of the agreement, appears the follow-

ing: "This option is good for one month at 8c (eight cents) royalty per ton." Kooser claims that he notified the plaintiff of his acceptance of the coal within thirty days from the date of the agreement. In July, 1901, Kooser, for the consideration of $1,000.00 paid by defendant company, assigned the agreement to D. B. Zimmerman, its president, and notice was given the plaintiff of the assignment and that mining operations would begin at once under the option.

It is conceded, or must be under the facts of the case, that the defendant mined and removed the coal by authority of its supposed ownership acquired under the agreement, and the company believed when it took the assignment of the agreement that it was a valid option and conferred the right upon the optionee to enter and take the coal. The Act of 1876 therefore has no application to the case, and cannot be invoked by plaintiff to punish the defendant company for the removal of the coal. The act provides: "that if any person or corporation shall mine or dig out any coal......knowing the same to be upon the lands of another person......without the consent of the owner......the person or corporation so offending shall be guilty of a misdemeanor ......and shall be further liable to pay such owner ......in case of the conversion of the same to the use of such offender or offenders treble the value thereof." The statute, as we have held, is highly penal, both in its criminal and civil aspects and, therefore, must be strictly construed. A trespasser may not enter under a pretense of ownership or without a claim to the premises and thereby escape the punishment prescribed by the statute; on the other hand, to release himself from the statutory penalty he is not required to establish title in himself to the disputed property. The statute prohibits him from mining and removing coal, "knowing the same to be upon the lands of another person." Without this knowledge, he is not subject to its penalties. The land on which the trespass is committed must

not only belong to another but the wrongdoer must know the fact. It would be far from a strict construction of the act to hold that it applies where in good faith one with an apparently good legal title enters and removes the minerals, or to subject him to the statutory penalty because he erred in the legal effect of his title papers. The statute cannot be used to deter one from asserting a bona fide claim to property through fear of the penalties it imposes. If by mistake or other unintentional error, a trespass is committed and minerals are removed, the injured party may seek redress by an appropriate action, but he cannot invoke the Act of 1876 to punish a wrong unwittingly committed.

It is clear, we think, that under the facts disclosed by the evidence the defendant company was not liable for treble damages. It not only did not know that the coal belonged to another but entered the premises under a bona fide belief that it had the right to remove and appropriate the coal to its own use, paying the stipulated royalty therefor. The fact that this court held in Zimmerman v. Rhoads, 226 Pa. 174, that it would not specifically enforce the Rhoads agreement does not convict the defendant of a knowledge of the invalidity of the option prior to our judgment. That defendant asserted its validity and attempted to enforce it by judicial process shows good faith in the company's claim to the coal and the right to remove it. That it was not successful in the litigation is not a determining factor in the case.

The ninth assignment alleges error in affirming the defendant's fourth point, which requested the court to charge that if the plaintiff was entitled to recover he is only entitled to recover for the actual number of tons mined and removed and converted to the defendant's use at eight cents per gross ton. The answer to the point as contained in the assignment and printed in appellant's paper book is "affirmed." If this were the correct answer, we would be compelled to sustain the

assignment and reverse the judgment, as it was for the jury and not for the court to fix the price per ton which the plaintiff was entitled to recover. Through inadvertence or otherwise the counsel for the appellant have misstated the answer of the court to the defendant's fourth point. By reference to the stenographer's notes, we find the answer, not printed in the appellant's paper book, to be as follows: "Now that point is correct and is affirmed, except as to that latter clause, at eight cents per ton. The parties to this agreement, Alexander Rhoads and C. O. Kooser, seemed to have fixed eight cents per ton as to the amount agreed upon between them, but as we look at this matter you are not bound by that; if you can find under the evidence that eight cents per ton was the proper price, you can find that; if you find the proper price to be less than eight cents you can adopt that; and if more than eight cents you can adopt that; accordingly as you may find from the evidence. With that qualification, the point is affirmed." The answer to the point, therefore, did not affirm the defendant's request that the jury should allow the plaintiff eight cents per ton for the coal mined and removed, but left to the jury to determine the price per ton under the evidence submitted at the trial. The same instructions as to the price per ton were given by the court in its general charge.

The judgment is affirmed.