# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Alexander, Appellant, v. Conlon.

*Mines and mining—Lateral support—Negligence.*

Negligence or want of due care in withdrawing lateral support, in excavating or mining adjoining lands for which there is liability for injury to a neighbor's building, means positive negligence, or manifest want of due care in the mining operations, so far as they affect adjoining properties. In the absence of any evidence of such negligence there can be no recovery.

*Mines and mining—Lateral support—Injury to surface—Evidence—Nominal damages.*

In an action to recover damages for injuries to land caused by the subsidence of the surface, through alleged inadequate lateral support, the burden is on the plaintiff to give the jury some testimony, from which they could make a reasonable approximation of the probable cost of restoration. Where there is not sufficient evidence before the jury to show the actual damages sustained, or the cost of restoring the land to its condition prior to the cave-in, only nominal damages can be recovered.

Argued March 3, 1919. Appeal, No. 45, March Term, 1919, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1916, No. 861, on verdict for plaintiff in case of Elizabeth C. Alexander v. John Conlon. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Trespass for injuries caused to land by mining operations. Before WOODWARD, J.

From the record it appeared that the action was brought to recover damages for injuries sustained to the property of the appellant, through the negligence of the appellee, while mining coal underneath the surface of land adjacent to the land of appellant.

To prove that the appellee in the course of his mining operations negligently invaded her right of lateral support, the appellant relied exclusively upon the opinion of a single expert witness, whose testimony, the trial judge held, failed to show any negligence on the part of the appellee in the conduct of his mining operations. In accordance with his view of the effect of the only testimony adduced by the appellant on this branch of the case, the trial judge ruled that she could not recover except for the damages shown by her to have been done to her land in its natural state.

To prove damages to the surface appellant called one Eugene Rineman, who testified that he made no measurements of the depth of the crack in the surface occasioned by the cave-in, and that he had only made a rough estimate of the cost of restoring the land to its former condition. The trial judge held this evidence to be insufficient to support a verdict in favor of the appellant for more than nominal damages and, accordingly, directed the jury to find in favor of the plaintiff, against the defendant, for nominal damages to the land, to wit, one dollar. Plaintiff appealed.

WOODWARD, J., in refusing the motion for a new trial filed the following opinion:

The only reasons alleged for a new trial that need discussion are the second, third and fourth. The second is that the court erred in expressly holding that the plaintiff under her deed was not entitled to vertical support. This was error, but harmless because the question of vertical support did not enter into the case. The reservation in her deed is as follows: "Excepting and reserving all coal

and other minerals in the same manner and to the same extent as they are reserved in any deed in the chain of title to the above described lot of land." The other deeds in the chain of title were not in evidence when the case closed, so that as the record stands the plaintiff had not waived her right to vertical support, and the instruction was erroneous, but the error harmless.

The third and fourth reasons are that the court erred in striking from the record the testimony of Eugene Rineman and refusing to reinstate it. Rineman was the only witness offered by the plaintiff on the cost of restoration, which was the measure of damage to her land; and when his testimony was stricken out her case fell flat, so that if the court erred in this ruling there should be a new trial.

On an examination of the notes of the witness's testimony the court is satisfied that there was no error, not because the witness failed to qualify generally as an expert, but because his opinion was too vague as to amount, founded on insufficient data and at a time too remote from the trial. To restore plaintiff's lot to its condition before the subsidence required the filling of a crack in the surface and raising the lot by filling to its former level or its relative level with the surrounding lots. The burden was on the plaintiff to furnish evidence to enable the jury to estimate the cost of this work not with absolute accuracy, but with an approximation that would be more than a guess. If a contractor had been asked by the plaintiff to give her an estimate on the work he would have measured the dimensions of the crack and the depression and thus got the cubical contents of the cavity from which he would have been able to calculate the number of cubic yards of material for the fill. He would then have located the available suitable material and the cost thereof; the cost of hauling, depending on the distance from the premises; and the cost of spreading the material when hauled. It was not unreasonable to require the plaintiff to furnish this data to the jury or to produce an expert witness whose opinion was based on

such data.    But the witness called had none of this information.    He made no measurements to ascertain the depth of the crack or the extent of the subsidence.    He says on cross-examination "I kind of leveled it off with the naked eye."    This was two years before the trial, and he made no memorandum of his examination.    "Q. Did he (Alexander) ask you to estimate what it would cost to do the work?    A. He asked me if I was busy and if I could do the work.    I told him I was busy and I told him what it would be worth and that's all he said.    Q. A moment ago you told me that you were busy but you could look after it?    A. I told him that.    Q. But he never gave you the work to do?    A. I never bothered with it any more I never gave it a thought, I was busy.    Q. Now you give me the exact measurements.    A. I didn't measure it. You would have to have an engineer run that.    Q. Give us the measurements on which you based your estimate? A. Why all I done was I stood and looked over it and gave a rough estimate on it.    I didn't go into measurements because the engineer would have to do that."

He didn't know where the material was to come from and therefore he had no knowledge of the cost of the haul. Direct examination: "Q. And how many loads of soil did you calculate it would require to fill that?    A. That would depend on—    Q. How many loads?    A. It would probably take a couple of hundred loads, 150 or 200 loads. Q. What did you estimate would be the cost of hauling the material?    A. That would all depend on where you could get it.    Q. I mean as you fixed it there in your mind, assuming that you could get it at a convenient distance. A. About $300 or $400."

It will be noted that these figures are given in answer to the question as to the cost of hauling, but later on he adopts them as the cost of the whole work.    We do not think this meets the burden that was on the plaintiff to give the jury some testimony from which they could make a reasonable approximation of the probable cost of restoration when the burden could have been so easily met.

1, (1919).] Opinion of Court below—Opinion of the Court.
The estimate of the witness was so speculative that it was nothing more than a guess.

Now, November 6, 1918, the motion for a new trial is denied.

*Error assigned,* among others, was the refusal to grant a new trial.

*R. B. Alexander,* and with him *John McGahren,* for appellant.

*P. F. O'Neill,* and with him *A. P. Conniff* and *F. W. Wheaton,* for appellee.

PER CURIAM, July 17, 1919:
The opinion of the court below in refusing a new trial fully disposes of the material questions involved in this case. An examination of the whole record does not disclose any reversible error as would warrant another trial.

The judgment is affirmed.