# Volpe, Appellant, *v.* Atlantic Crushed Coke Company.

Argued April 12, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*R. Herbert Buchman,* for appellant.

*Christ. C. Walthour, Jr.,* with him *Kunkle, Walthour & Garland,* for appellee.

OPINION BY MONTGOMERY, J., June 17, 1966:

This appeal questions the propriety of the lower court's action in entering a compulsory nonsuit at the completion of plaintiff's case, and subsequently a judgment for the defendant.

The action is in trespass by the owner of real estate situate in Derry Township, Westmoreland County, Pennsylvania, seeking treble damages for the unlawful mining, removal and appropriation of coal by the defendant, and is based on the Act of June 24, 1939, P. L. 872, §812, 18 P.S. §4812, which provides:

"Whoever mines or digs out any coal, iron or other minerals, knowing the same to be upon the lands of another, without the consent of the owner, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment not exceeding one (1) year, or both.

"The person so offending shall be further liable to pay to the owner double the value of the coal, iron or other materials so mined, dug out, or removed, or in case of the conversion of the same to the use of such offender, treble the value thereof, to be recovered, with costs of suit, by action of trespass or trover as the case may be. . . ."

This statute has been held highly penal both in its criminal and civil aspects and therefore must be strictly construed. *Rhoads v. Quemahoning Coal Company,* 238 Pa. 283, 86 A. 273 (1913), which case is based on the Act of May 8, 1876, P. L. 142, which was similar to the Act of 1939.

Defendant's answer to the complaint denied that it had unlawfully entered into the tract of coal owned by the plaintiff and further denied that it had unlawfully removed therefrom the amount of coal which plaintiff claimed had been removed, to wit, 3,696 tons more or less. It further denied that it had unlawfully appropriated to its use such coal, and under the heading, "NEW MATTER", alleged that the husband of the plaintiff, Frank Volpe, then an owner with the plaintiff as tenants by the entireties of said property had agreed to permit the defendant to mine and remove any coal that it desired in consideration ". . . for the privilege of depositing overburden from the land of Frank Volpe and Dorothy Volpe on the land of J. Z. Burket." It was further alleged that said Frank Volpe did in fact deposit such overburden on the land of J. Z. Burket. Further under new matter, defendant alleged "That if any

coal was removed from beneath the surface of the tract . . . by the defendant, it was done pursuant to the oral authorization given by the said Frank Volpe on his own behalf and as agent for his wife, Dorothy Volpe, the plaintiff herein." The plaintiff filed preliminary objections to the answer and when these were dismissed she filed a reply to the new matter and in general denied the allegations thereof. On these pleadings the matter came on for trial before Hon. EARL S. KEIM and a jury.

In considering this matter we must recognize the rule that a compulsory nonsuit may be entered only in a clear case and the plaintiff must be given the benefit of all the evidence in his favor and all reasonable inferences therefrom. *Borzik v. Miller,* 399 Pa. 293, 159 A. 2d 741 (1960). Considering the evidence in this manner the following factual situation appears to have been sufficiently established.

Plaintiff, Dorothy Volpe, is the widow of Frank Volpe and the surviving tenant by the entireties of the tract of coal land in question, said Frank Volpe having died on June 1, 1953. About September 1, 1954, subsequent to the death of her husband, plaintiff leased the coal to David Nichols and Butch Robb on a royalty basis of seventy-five cents per ton. These men thereafter made an entry, and after going through a small block of coal discovered that beyond that point on the property of plaintiff the coal had been removed, and they found timbers owned by the defendant in place as posts and prop bars. This mined area was to some extent filled with "gob", described as the earth which had dropped as the ceiling of the mine fell after the coal had been removed. The defendant, in answer to interrogatories, which were made part of the record, admitted that it had entered the property of plaintiff and had removed 693.12 tons of coal therefrom. Although in the defendant's pleadings it was alleged that

such a removal, if it had occurred, would have been under an oral agreement with Frank Volpe, there is no evidence in plaintiff's case to establish this fact. The allegations of a pleading do not constitute part of a trial record unless made part of it by offer and admission or court direction. *Farbo v. Caskey*, 272 Pa. 573, 116 A. 543 (1922); *Buehler v. United States Fashion Plate Co.*, 269 Pa. 428, 112 A. 632 (1921); 5 Standard Pennsylvania Practice Ch. 22, §254. Furthermore, in its answers to the interrogatories propounded to it, defendant did not state that its removal of 693.12 tons of coal was lawful or under an agreement.

Much of this record concerns the amount of coal removed by defendant but for the purpose of this appeal we need only consider that it is an established fact that 693.12 tons were removed. We need not decide whether the evidence is sufficient to establish a larger amount. A plaintiff is not to be denied the right to recover at least a nominal verdict because he does not prove all of the damages he alleges. *Woodring v. Hollenbach*, 202 Pa. 65, 51 A. 318 (1902); *Alexander v. Conlon*, 72 Pa. Superior Ct. 1 (1919); *Eckman v. Lehigh & Wilkes-Barre Coal Company*, 50 Pa. Superior Ct. 427 (1912).

The facts being proven that defendant knowingly made an entry onto plaintiff's property and did remove coal therefrom establishes a case which should have been for the jury. *Fuher v. Westmoreland Coal Co.*, 272 Pa. 14, 116 A. 61 (1922). In that case the only evidence in support of the plaintiff's claim was that of one witness who testified that while working for the defendant, he crossed the line into the land of plaintiff, driving a coal entry nine feet wide to bench mark "X42" on plaintiff's land; and that coal would be found if the entry was extended. Although there was a vast amount of testimony to refute this statement,

including the defendant's map[1] of its working, the evidence of plaintiff was held sufficient to justify submittance of the case to the jury. It was a similar case for double or triple damages for the unlawful mining of coal under the Act of 1876 aforesaid.

We conclude that the action of the lower court was improper in the light of this record and that a new trial must be granted. However, in doing so, we do not pass on the validity of defendant's alleged agreement with Frank Volpe, since it is not part of the record before us. We do not disagree with *Rhoads v. Quemahoning Coal Company,* supra, which states that, "If by mistake or other unintentional error, a trespass is committed and minerals are removed, the injured party may seek redress by an appropriate action, but he cannot invoke the Act of 1876 to punish a wrong unwittingly committed." However, under the evidence in the present record there was no mistake or an unintentional error; it appears to have been done knowingly without the consent of the owner which, if believed by a jury, would support a recovery. *Roncace v. Welsh,* 141 Pa. Superior Ct. 170, 14 A. 2d 616 (1940).

Judgment reversed and a new trial granted.

WRIGHT, J., would affirm the judgment below.

---

[1] Defendant's map of its coal operation offered in evidence as Exhibit No. 4 in the present case established the fact that defendant entered and mined coal from plaintiff's land.