525 A.2d 6

In Re: Nomination Petition of Anthony A. Shuli. Michael J. Defino, a/k/a Mike Defino, Appellant.

Argued April 20, 1987, before Judges MACPHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Robert L. Webster, Jr., Webster & Webster,* for appellant.

*Joseph M. George,* with him, *Mark D. Brooks, Margolis, George & Port,* for appellee.

OPINION BY JUDGE MACPHAIL, April 27, 1987:

Michael J. Defino appeals from an order of the Common Pleas Court of Fayette County which dismissed his petition challenging the nominating petition of Anthony A. Shuli. The Common Pleas Court's order directed that Mr. Shuli's name be placed on the ballot as a candidate for the Democratic nomination in the primary for the office of District Justice for District 14-3-03. We reverse.

The Common Pleas Court found, after an evidentiary hearing, that Mr. Shuli's nominating petition did not contain the requisite number of valid signatures. The Court refused to invalidate Mr. Shuli's petition, however, because it concluded that Mr. Defino lacked standing to challenge the petition.

The standard which this Court must apply in determining whether a party has standing to challenge a nominating petition was set forth in *Appeal of Robert C. Barlip,* 59 Pa. Commonwealth Ct. 178, 428 A.2d 1058 (1981):

Section 977 of the Pennsylvania Election Code, 25 P.S. §2937, which outlines the procedure to challenge and set aside a candidate's nominating petition, does not specify those persons who have standing to object to a nominating petition. In the absence of a specific provision for standing, therefore, we are guided by the general rules of standing as set forth by the Supreme Court in Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975), and the core requirements of these rules are that the complainant must have an interest in the controversy which is greater than the abstract interest of the general citizenry in obtaining compliance with the law, and that there must be a

direct causal connection between the act
complained of and the harm alleged.

*Id.* at 181, 428 A.2d at 1059-60 (footnotes omitted). The
Common Pleas Court held that Mr. Defino did not
show that he had standing because he

did not offer any evidence, through his own tes-
timony or any witness on his behalf, that he is a
duly registered and enrolled elector of the Mag-
isterial District 14-3-03, or that he had filed a
nomination petition for the position of District
Justice for District 14-3-03, nor was the Court
asked to take judicial notice of that which the
records of the Fayette County Election Bureau
would have revealed.[1]

The first paragraph of Mr. Defino's "Petition Setting
Forth Objections to the Nomination Petition of Anthony
A. Shuli" reads as follows:

1. Your Petitioner, Michael J. Defino, a/k/a
Mike Defino, is a qualified elector, and candi-
date for the Democratic nomination for the posi-
tion of District Justice for Magisterial District
14-3-03, by virtue of a nomination petition,
properly registered in the Office of the Fayette
County Board of Elections in Uniontown,
Fayette County, Pennsylvania.

Mr. Shuli's "Answer" states in its first paragraph:

1. The allegations contained in paragraph 1
are admitted in part and denied in part. It is
admitted that Petitioner is a candidate for the
Democratic nomination for the position of Dis-
trict Justice for Magisterial District 14-3-03 by
virtue of a nomination petition. However, to the
extent paragraph 1 alleges, suggests or implies

---

[1] *In re: Nomination Petition of Anthony A. Shuli,* (No. 482 of
1987, Court of Common Pleas of Fayette County) at 12-13.

that Petitioner is a qualified elector and Petitioner's nomination petition was properly registered in the office of the Fayette County Board of Elections in Uniontown, Fayette County, Pennsylvania, it is denied because after reasonable investigation, the Respondent is without sufficient knowledge or information to form a belief as to the truth of these averrments [sic] and therefore the same are denied by operation of law.

Mr. Shuli's answer was submitted during the following exchange at the beginning of the hearing at which Mr. Shuli was represented by Joseph M. George and Mr. Defino by Robert L. Webster, Jr.:

> JUDGE ADAMS: · Does Counsel wish to make an opening statement?

> MR. WEBSTER: No, Your Honor. We are prepared to call our first witness and proceed.

> MR. GEORGE: May it please the Court, as the Court knows, we were called into this matter yesterday afternoon, and we were provided with a copy of the petition containing challenges yesterday afternoon at a meeting before Your Honor at one o'clock p.m. Consequently, we have prepared to submit, herewith, to the Court, our answer to the petition setting forth the objections to the nomination petition of Anthony Shuli.[2]

The Common Pleas Court concluded that the pleadings were not sufficient to establish that Mr. Defino had standing:

> *Although the Court had actual knowledge of the content of the petition and answer when they were filed with the Court,* the Court cannot con-

---

[2] Notes of Testimony from March 19, 1987 at 1-2.

sider them unless they have been made a part of the trial record. Buchler [sic] vs. United States Fashion Plate Co., 269 Pa. 428, 112 A.2d 632 (1921); Volpe vs. Atlantic Crushed Coke Company, 208 Pa. Super. 11, 220 A.2d 392 (1966); 8 Standard Pennsylvania Practice 2d. Ct. 50, Section 50:8. This was not done in this case.[3]

We must resolve whether the Common Pleas Court erred when it concluded that it could not consider the pleadings. If we do determine that the Common Pleas Court so erred, we must then determine if the wording of the pleadings would establish that Mr. Defino had standing to challenge Mr. Shuli's nominating petition.

It is true that in trials, especially in jury trials, it is necessary that the party who attempts to prove a fact crucial to his case by an admission in a pleading must do so by reading the averment and the admission into the record. *Buehler v. United States Fashion Plate Co.,* 269 Pa. 428, 112 A. 632 (1921); *Churilla v. Barner,* 269 Pa. Superior Ct. 100, 409 A.2d 83 (1979); *Volpe v. Atlantic Crushed Coke Co.,* 208 Pa. Superior Ct. 11, 220 A.2d 393 (1966). We are of the opinion, however, that the same rule does not hold true in an election hearing where the pleadings are a necessary part of the evidentiary record in order to enable the hearing judge to determine what is at issue. This is especially so in election cases such as this one where there are many factual allegations for the judge to adjudicate. There is no necessity for counsel to call to the court's attention what is already before it by virtue of the pleadings. We think it would be particularly unfair in such a setting for a party to disavow that which it has admitted in a pleading. *See Tops Apparel Manufacturing Co. v. Rothman,* 430 Pa. 583, 244 A.2d 436 (1968).

---

[3] *Shuli* at 12.

Inasmuch as the hearing judge stated that he had actual knowledge of the content of the pleadings, he was then bound to consider them in adjudicating the matter before him. We hold that the hearing judge erred when he concluded that he could not consider an admission in the pleadings in making a determination of a critical fact.

We next turn to the excerpts from the pleadings which are at issue here. Defino, as we have noted, averred that he was a qualified elector and a candidate for the position of District Justice. Shuli admitted that he is a candidate for the same position of District Justice which Defino seeks but claims to be without knowledge as to whether Defino is a qualified elector or whether his nominating petition was properly filed. In a determination of Defino's standing to challenge Shuli's petition, we do not believe Defino need show any more than that he is a candidate for the same office. In that capacity, he certainly has a greater interest than the general citizenry and there is most certainly a direct connection between the invalid petition and the harm to Mr. Defino's candidacy.

We are well aware that the election laws are to be construed liberally in aid of those seeking public office, *In re Johnson*, 509 Pa. 347, 502 A.2d 142 (1985), but in the circumstances of this case, to uphold the order of the Court of Common Pleas would be to permit Shuli to be a candidate on an invalid petition. We are of the opinion that justice will best be served by striking the invalid petition.

Order reversed.

### ORDER

The order of the Common Pleas Court of Fayette County dismissing Michael J. Defino's challenge to the nominating petition of Anthony A. Shuli and directing

the Board of Elections to place Mr. Shuli's name on the ballot as a candidate for the Democratic nomination in the primary for the office of District Justice for District 14-3-03 is reversed and it is further ordered that the name of Anthony A. Shuli shall not appear on the ballot for the May 19, 1987 primary.