894 A.2d 1285

**In re Nomination Petition of Babette JOSEPHS for the 182nd District in the Pennsylvania House of Representatives.**

**Appeal of Dolores A. Cohen–Lowry.**

Supreme Court of Pennsylvania.

Submitted March 30, 2006.

Decided April 18, 2006.

Sharon Lee Suleta, Laura Walsh Kern, Philadelphia, for Dolores A. Cohen–Lowry, appellant.

Lionel C. Artom-Ginzburg, for Babette Josephs, appellee.

## *ORDER*

PER CURIAM.

**AND NOW,** this 18th day of April, 2006, we **AFFIRM** the Order of the Commonwealth Court.

We **DENY** the Motion for Leave to File Supplemental Brief.

Justice BAER files a dissenting statement that Justice CASTILLE and Justice BALDWIN join.

Justice BAER, dissenting.

For the reasons that follow, I respectfully dissent from the Court's entry of an order affirming *per curiam* the Commonwealth Court's decision denying objector, Dolores Cohen–Lowery's (Objector) petition to set aside Babette Joseph's (Candidate) nomination petition. Because I find that the Commonwealth Court erroneously failed to review the merits of the case, I would reverse its decision and remand for a substantive determination.[1]

1. We have jurisdiction over Objector's appeal pursuant to 42 Pa.C.S. §§ 723(a), 5105(a)(1). Our standard of review limits us to determining

The facts of the case are straightforward. Candidate filed a nomination petition to be a candidate in the Democratic Primary for the 182nd District of the Pennsylvania House of Representatives. In conjunction with such petition, on March 3, 2006, Candidate filed a Statement of Financial Interest (financial statement) as required by Section 1104 of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. § 1104. Thereafter, as is relevant to this proceeding, Objector filed a petition to set aside Candidate's nomination petition averring, 1) that she resides in the district where Candidate sought office and is a registered democrat there, and 2) that Candidate's financial statement failed to comply with Section 1105(b)(5) of the Ethics Act, 65 Pa.C.S. § 1105(b)(5), requiring disclosure of the *name and address* of any direct or indirect source of income totaling in the aggregate $1,300 or more. Because Candidate merely noted in her financial statement that she received income from "rentals, investments including equities and businesses," without further elaborating the names and addresses of such sources of income as required by Section 1105(b)(5), Objector sought to have Candidate's nominating petition struck, thus precluding her from appearing on the May primary ballot. Objector attached a copy of the allegedly defective financial statement to her petition.

Candidate did not file an answer to Objector's petitioner; rather, she filed with the court a "motion for leave to file amended statement of financial interests" wherein she sought leave from the court to be permitted to attach to her nomination petition an amended financial statement reflecting the information alleged by Objector to have been improperly omitted from Candidate's original financial statement. Candidate attached to her motion her original financial statement and her amended financial statement, which she filed with the State Ethic's Commission on March 17, 2006 in an attempt to effectuate a valid amendment.

whether the lower court's findings of fact are supported by substantial evidence and whether the court abused its discretion or committed an error of law. *In re DiGirolamo*, 873 A.2d 52, 53 n. 1 (Pa.Cmwlth.2005).

On March 20, 2006, a hearing on Objector's petition was held before the Commonwealth Court. At the outset, Objector's counsel presented to the court the financial statement filed by Candidate on March 3, 2006, which both parties attached to their pleadings with the court, and the March 17, 2006 amended financial statement, which Candidate attached to her pleading with the court. Following the presentation of the foregoing documents, the court then inquired of Objector's counsel as to whether she would be calling any witnesses. Counsel replied that she would proceed and call Candidate to the stand to verify the authenticity of the documents she presented to the court if any question regarding their authenticity were raised. Thereafter, Candidate's counsel noted that no challenge to the documents' authenticity was being made and that, in fact, the documents were authentic. *See* N.T., March 20, 2006 at 23. Thus, Objector did not call Candidate as a witness.

The court then heard argument from counsel for Objector and counsel for Candidate on the substantive question raised in the case, i.e., whether Candidate's financial statement failed to comport with the Ethics Act.[2] Thereafter, the hearing was concluded.

On March 21, 2006, the court entered an order denying Objector's petition to set aside Candidate's nominating petition and, accordingly, dismissing as moot Candidate's motion for leave to amend. In its supporting opinion, the court rendered its decision, not on the merits of the issue raises, but rather on the bases that Objector failed to present evidence to support her contention that Candidate's financial statement was defective and because Objector failed to establish standing at the hearing. Specifically, the court noted:

A hearing was held before this court on Monday, March 20, 2006. At the hearing, counsel for Objector handed to the court a copy of [Candidate's] Financial Statement and an

2. The court also heard discussion on Candidate's motion to quash a subpoena sought by Objector to obtain certain financial records of Candidate. The court ultimately granted such motion which is not at issue in this appeal.

amended Financial Statement that [Candidate] allegedly filed on March 17, 2006, with the State Ethics Commission and the Department of State. However, counsel for Objector neither asked that these Financial Statements be marked as exhibits nor moved that these Financial Statements be admitted as evidence. Moreover, Objector presented no witnesses to testify about the contents or deficiencies in the Financial Statements.[1]

_____
[1] We note that Objector also presented no evidence that she is a registered Democrat in the 182nd Legislative District.

Commonwealth Court Mem. Op. at 2.

On appeal, in addition to arguing the strength of her position on the merits, Objector argues that the court erred in avoiding a disposition in this regard based on the procedural deficiencies cited above. Initially, Objector argues that contrary to the court's conclusion, she properly presented the relevant documents to the court by presenting them at the hearing and by virtue of the fact that the original and amended financial statement were attached to pleadings submitted and verified by she and Candidate. She further points out that Candidate's counsel stipulated to the authenticity of such documents at the hearing, thus her need to present further witnesses in this regard was unnecessary. She notes that her entire case rested upon the information contained in Candidate's financial statements, which were submitted to the trial judge sitting as the fact-finder in open court while on the record and acknowledged and stipulated as authentic by opposing counsel. Neither opposing counsel nor the court questioned that the financial statements were the evidentiary basis of Objector's case. Moreover, after submission of the financial statements to the court, an entire hearing proceeded concerning whether the financial statements presented were defective. Both Candidate's counsel and the court referred extensively to such documents, reading from them and asking questions about their content, throughout the hearing. Thus, Objector complains that, under the circumstances of this election case, it was disingenuous for the court to rule that the documents could not be considered without the utterance of formal "mag-

ic words" ("I move for admission" and "admitted"). In support, Objector argues that established precedent does not require any such talismanic phraseology. Finally, regarding the court's conclusion that Objector failed to present testimony establishing her standing to object, she argues that the court again improperly relied on procedural improprieties that were unfounded, as her standing was established in her petition/pleading, which contained her signed verification.

I agree with Objector that the court erred in failing to rule on the merits of the case. First, I believe that the financial statements were clearly in evidence before the court both by way of Objector and Candidate attaching them to their signed and verified pleadings with the court as well as by Objector's presentation of them to the court at the hearing. *See In re Nomination Petition of Shuli,* 105 Pa.Cmwlth. 462, 525 A.2d 6, 8 (1987) *aff'd per curiam,* 514 Pa. 471, 526 A.2d 300 (1987) (noting that "in an election proceeding . . . the pleadings are a necessary part of the evidentiary record"). The court, in its decision, implied that if Objector would have merely gone through the formality of asking that the documents be moved into evidence, it would have rendered a decision on the merits. Such a hyper-technical requirement, however, is contrary to an election matter hearing. As this Court has observed:

> The overriding consideration embodied in . . . the Election Code is the expeditious resolution of objections to a prospective candidate's filings. We do not believe the engrafting of technical rules of pleading and procedure onto the mechanism prescribed by the legislature serves that end, nor do we find the addition of such a requirement would materially enhance the integrity of the election process.

*In re Nomination Petition of Johnson,* 509 Pa. 347, 502 A.2d 142 (1985) (citations omitted). Moreover, the court was fully aware that Objector's case relied exclusively on the financial statements, which the court referred to at length throughout the proceeding. The Commonwealth Court, in discussing whether a party in an election matter must specifically read an averment in a pleading into the record in order for the court to have it consider part of the evidence in the case, has stated:

> We are of the opinion ... that the rule [that averments be read into the record to be part thereof] does not hold true in an election hearing where the pleadings are a necessary part of the evidentiary record in order to enable the hearing judge to determine what is at issue. This is especially so in election cases such as this one where there are many factual allegations for the judge to adjudicate. *There is no necessity for counsel to call to the court's attention what is already before it by virtue of the pleadings.*

*Shuli,* 525 A.2d at 8 (emphasis added). The court further noted:

> Inasmuch as the hearing judge stated that he had actual knowledge of the content of the pleadings, he was bound to consider them in adjudicating the matter before him.

*Id.*

Here, the lower court was clearly aware of the pleadings and the attachments thereto which contained Candidate's filed financial statements as well as the basis for her standing to object. For the court to have seemingly considered the financial statement documents at the hearing and then render a decision noting that they were not technically in evidence was, as Objector notes, disingenuous and should not stand. Additionally, the court's demand that Objector present evidence regarding her standing when she averred in her signed and verified petition, which was neither replied to or objected to, that she was a resident and registered democrat in Candidate's legislative district, was clearly improper. Thus, I believe the lower court erred in failing to properly consider Objector's substantive claims premised on these improper bases. Accordingly, I would reverse its decision and remand for a decision on the merits.

Justice CASTILLE and Justice BALDWIN join this dissenting statement.